UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DONOVAN L. HALEY,

Plaintiff,

vs.

HEIDI LACKNER, et al.,

Defendants.

1:13-cv-01403-LJO-GSA-PC

ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND
(Doc. 7.)

ORDER DENYING MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF, FOR LACK OF JURISDICTION
(Doc. 13.)

THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT

## I. BACKGROUND

Donovan L. Haley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On July 29, 2013, Plaintiff filed the Complaint commencing this action at the United States District Court for the Central District of California. (Doc. 7.) On August 29, 2013, this case was transferred to the court for the Eastern District of California. (Doc. 4.) Plaintiff's Complaint is now before the court for screening.

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

**III. SUMMARY OF COMPLAINT**

The events at issue in the Complaint allegedly occurred at the Sierra Conservation Center (SCC) in Jamestown, California, where Plaintiff is presently incarcerated in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants the CDCR, Warden Heidi M. Lackner, Captain M. Steele, Correctional Officer (C/O) S. Conklin, C/O Hansen, Lieutenant (Lt.) Pena, Lt. J. Wristen, and Does 1-10 (collectively, "Defendants"). Plaintiff's factual allegations follow.

In late April, while attending a meeting with Sgt. R. Robinson [not a defendant], Plaintiff was approached by defendant C/O S. Conklin who told him to "get my black a-- behind the gate." (Compl. at 4:14-16.) Plaintiff is African-American and suffers from

hypertension, degenerative disc disease, and severe bi-polar depression. Plaintiff considered defendant C/O Conklin's remark to be a racially profane slur, and he wrote a misconduct complaint against defendant Conklin. Approximately two weeks later, defendant Conklin confronted Plaintiff and stated, "Haley, you are a black piece of sh--." (Compl. at 4:19.) Plaintiff did not respond, but he wrote a second misconduct complaint against defendant Conklin. Later, defendant Conklin told Plaintiff, "I'll make sure you go to the hole and get transferred out of here. Who do you think Administration is going to believe, you or me? You're just a black piece of sh--." (Compl. at 4:22-25.)

Plaintiff was interviewed by defendant Lt. Wristen who told him, "You're going to the hole (administrative segregation or Ad-Seg). But if you recant your complaint against Conklin, I won't send you to administrative segregation." (Compl. at 4:26-28.) Plaintiff refused to recant his complaint, and Lt. Wristen ordered him placed in Ad-Seg, allegedly to investigate defendant Conklin. Six days later, Plaintiff was given a choice by Warden Lackner and Captain Steele to spend sixty days in the hole pending the sham investigation. Plaintiff chose to dismiss the complaint, as this was his only way to get out of the hole.

Instead of addressing Plaintiff's complaint, Warden Lackner stated, "I'll make it happen," referring to a retaliatory transfer. This is standard procedure for African-American inmates who make complaints against white officers. There are virtually no African-Americans within administration at SCC and only four African-American correctional officers. Plaintiff fears a retaliatory transfer as a result of his complaint, even though he wishes to remain at SCC to finish his sentence.

Defendant Hanson, who walks the shift with defendant Conklin, began a campaign of harassment. Defendant Hansen began to arbitrarily search and place mechanical restraints on Plaintiff with the approval of Sgt. Robinson and Sgt. Hall [not defendants]. Sgt. Hall stated, "I don't care that you're black, you use your race to get welfare and ask for handouts and if you got a problem with me you got a problem with most white people who work here." (Compl. at 5 ¶13.) Plaintiff told defendant Hansen he was going to sue him, and Hansen stated, "It don't matter, it won't go anywhere." (Compl. at 5 ¶14-15.) Defendant Conklin confiscated

Plaintiff's legal books and materials and refused to provide Plaintiff with a receipt. Defendant Steele knows about this incident and the harassment, and apparently condoned these retaliatory acts by defendant Conklin.

Plaintiff requests monetary damages and preliminary injunctive relief.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44.

///

///

**A. Defendant CDCR – Eleventh Amendment Immunity**

Plaintiff names the CDCR as a defendant. Plaintiff is advised that he may not sustain an action against a state agency. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because the CDCR is a state agency, it is entitled to Eleventh Amendment immunity from suit. Therefore, Plaintiff fails to state a claim against defendant CDCR.

**B. Supervisory Liability**

Plaintiff has named defendants, such as the Warden and Captain Steele, who hold supervisory positions. Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676.

Plaintiff is also advised that liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Id.; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045; accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479

F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Therefore, to the extent that Plaintiff seeks to impose liability upon any of the defendants in their supervisory capacity, Plaintiff fails to state a claim.

**C. Retaliation**

As discussed by the Ninth Circuit in Watison v. Carter:

> "A retaliation claim has five elements. Brodheim v. Cry, 84 F.3d 1262, 1269 (9th Cir. 2009) First, the plaintiff must allege that the retaliated-against conduct is protected. The filing of an inmate grievance is protected conduct. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005).
>
> Second, the plaintiff must claim the defendant took adverse action against the plaintiff. Id. at 567. The adverse action need not be an independent constitutional violation. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). "[T]he mere *threat* of harm can be an adverse action...." Brodheim, 84 F.3d at 1270.
>
> Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. See Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Murphy v. Lane, 833 F.2d 106, 108–09 (7th Cir. 1987).
>
> Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Robinson, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Robinson, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. Id. at 569.
>
> Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985). A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, id., or that they were "unnecessary to the maintenance of order in the institution," Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir.1984)."
>
> Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012).

///

Plaintiff alleges that defendant C/O Conklin threatened to have Plaintiff placed in Ad-Seg and transfer him to another prison, because Plaintiff had filed complaints against defendant Conklin. Plaintiff alleges that defendant Lt. Wristen told him that he was going to be placed in Ad-Seg if he didn't recant his complaint against defendant Conklin, and when Plaintiff refused to recant, Lt. Wristen ordered him placed in Ad-Seg. Plaintiff alleges that Warden Lackner gave him the choice of dismissing his complaint against defendant Conklin, or spending sixty days in Ad-Seg while an investigation was conducted.

Plaintiff may be able to state a claim for retaliation against defendants Conklin, Wristen, and Lackner. However, Plaintiff has not satisfied the fifth requirement discussed above, by alleging that the retaliatory action did not advance any legitimate goals of the correctional institution.

Plaintiff fails to state a claim for retaliation against any of the other defendants, in part because he does not allege facts showing, or inferring, that adverse actions were taken against him *because of* his exercise of protected conduct. To state a claim for retaliation, Plaintiff must satisfy all five of the requirements discussed above.

Plaintiff shall be granted leave to cure these deficiencies in an amended complaint.

**D. Discrimination – Right to Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073

///

(2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff's allegation that retaliatory transfer is the standard procedure for African American inmates who make complaints against white officers is not sufficient to state an equal protection claim. Plaintiff has not alleged any facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose. Therefore, Plaintiff fails to state a claim for relief for violation of his right to equal protection.

Moreover, Plaintiff's allegations of verbal harassment and failure to protect him from verbal harassment, do not state a claim. Mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Even threats, without more, do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

**E. Due Process**

Plaintiff claims that his rights to due process were violated by defendants' disciplinary actions. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by

///

prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

**1. Confinement in Administrative Segregation**

Plaintiff alleges that he was ordered to spend time in Ad-Seg when he refused to recant his complaint against defendant Conklin. The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt, 459 U.S. at 466-68; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and Ad-Seg falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).

Plaintiff's allegations of confinement in Ad-Seg do not rise to the level of an atypical and significant hardship to establish the existence of a protected liberty interest in remaining free from Ad-Seg. A plaintiff must assert a "dramatic departure" from the standard conditions of confinement before due process concerns are implicated. Sandin, 515 U.S. at 485–86; see also Keenan v. Hall, 83 F.3d 1083, 1088–89 (9th Cir.1996). Moreover, Plaintiff does not allege any injury caused by conditions in Ad-Seg. The fact that conditions in Ad-Seg do not mimic those afforded the general population does not trigger due process concerns. In fact, "[t]he transfer to less amenable quarters for nonpunitive reasons is ordinarily contemplated by a prison sentence." Sandin, 515 U.S. at 479, 115 S.Ct. 2293. Therefore, Plaintiff fails to state a cognizable claim for violation of his rights to due process based on detention in Ad-Seg.

**2. Loss of Property**

Plaintiff alleges that Defendant Conklin confiscated Plaintiff's legal books and materials and refused to provide Plaintiff with a receipt. Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an

authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff alleges that his property was improperly seized, which indicates that the deprivation of property was intentional and unauthorized. Thus, Plaintiff's remedy would be found under California law. However, Plaintiff fails to show compliance with the California Tort Claims Act, and therefore his property claim is not cognizable under federal or state law.

**3. Inmate Appeals Process**

Plaintiff alleges that defendants improperly responded to his misconduct complaints against defendant Conklin. Defendants' actions in responding to Plaintiff's inmate appeals or complaints, alone, cannot give rise to any claims for relief under section 1983 for violation of

due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983. Buckley, 997 F.2d at 495. Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals or complaints, Plaintiff fails to state a cognizable claim for the processing and/or reviewing of his misconduct complaints.

**F. Deliberate Indifference – Eighth Amendment**

Plaintiff alleges that defendants were "deliberately indifferent" when they harassed him and failed to protect him from harassment.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective." Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 2010) cert. denied, 514 U.S. 1065 (1995). First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994). Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d

1310, 1313 (9th Cir. 1995). The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal civilized measure of life's necessities.'" Allen, 48 F.3d at 1087 (quoting Farmer, 511 U.S. at 834 (1994)). To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence. Neither negligence nor gross negligence will constitute deliberate indifference. Farmer at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment. Farmer at 839-40.

Plaintiff fails to state a claim against any of the defendants for deliberate indifference. Plaintiff has not described any deprivations sufficiently serious to meet the objective standard, or shown that any of the defendants acted against him or failed to act while knowing of and disregarding an excessive risk to his health or safety.

**G. Doe Defendants**

Plaintiff names Does 1-10 as defendants in this action. Plaintiff fails to link any of these unidentified defendants to actions violating his constitutional rights. Therefore, Plaintiff fails to state a claim against any of the Doe defendants.

Moreover, Plaintiff is advised that unidentified, or "John Doe" defendants must be named or otherwise identified before service can go forward. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). John Doe or Jane Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe. For service to be successful, the Marshal must be able to identify and locate defendants.

**H. State Law Claims**

Plaintiff alleges that defendants are liable for negligence and violation of state regulations. Plaintiff is informed that violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983.

To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the Court fails to find any cognizable federal claims in the Complaint. Therefore, Plaintiff's claims for violation of state law fail.

**I. Motions for Preliminary Injunctive Relief -- Jurisdiction**

In the Complaint, Plaintiff requests preliminary injunctions requiring defendants to pay a daily fine of $100 until a settlement or verdict is reached in this case, and stopping all retaliation and harassment tactics against Plaintiff. Also, on December 13, 2013, Plaintiff filed a request for a court order requiring prison officials to grant him access to the prison law library by escort.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

In light of the fact that this order shall dismiss Plaintiff's Complaint for failure to state a claim, with leave to file an amended complaint which will supercede the initial Complaint, the court does not have before it an actual case or controversy at this juncture, nor does the court have jurisdiction over any of the defendants in this action. Id.. Accordingly, Plaintiff's motions for preliminary injunctive relief shall be denied for lack of jurisdiction.

///

///

**V. CONCLUSION AND ORDER**

The Court finds that Plaintiff's Complaint fails to state any cognizable claims upon which relief may be granted under § 1983. Therefore, the Complaint shall be dismissed for failure to state a claim, with leave to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend 'shall be freely given when justice so requires.'" The Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file a First Amended Complaint within thirty days.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. As discussed above, there is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal at 676. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff should name each defendant and explain how each named defendant personally acted, or failed to act, resulting in a violation of Plaintiff's constitutional rights.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding unrelated issues or issues arising after he filed the Complaint on July 29, 2013. In addition, Plaintiff should take care to include only those claims that have been exhausted.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly

titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint, filed on July 29, 2013, is DISMISSED for failure to state a claim, with leave to amend;
2. Plaintiff's motions for preliminary injunctive relief are DENIED for lack of jurisdiction;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order;
5. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:13-cv-01403-LJO-GSA-PC; and
6. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **May 8, 2014**

**/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE