UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONOVAN L. HALEY, | 1:13-cv-01403-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION (Doc. 19.) |
| vs. | |
| HEIDI LACKNER, et al., | ORDER FOR PLAINTIFF TO COMPLY WITH MAY 8, 2014 SCREENING ORDER (Doc. 18.) |
| Defendants. | |
| | ORDER GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT |
| | THIRTY DAY DEADLINE |

**I.    BACKGROUND**

Donovan L. Haley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On July 29, 2013, Plaintiff filed the Complaint commencing this action at the United States District Court for the Central District of California. (Doc. 7.) On August 29, 2013, this case was transferred to the court for the Eastern District of California. (Doc. 4.)

The court screened the Complaint pursuant to 28 U.S.C. 1915A and entered an order on May 8, 2014, dismissing the Complaint for failure to state a claim, with leave to file an amended complaint within thirty days. (Doc. 18.) On May 21, 2014, Plaintiff filed objections

to the court's screening order, which the court construes as a motion for reconsideration of the screening order. (Doc. 19.)

## II. MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

## III. DISCUSSION

Plaintiff requests the court to reconsider its finding in the screening order that Plaintiff fails to state a cognizable claim in the Complaint. Plaintiff disagrees with the court's assessment of his claims. At this stage of the proceedings, if Plaintiff disagrees with the court's screening order, his remedy is to file a First Amended Complaint clearly and succinctly stating

the allegations and claims upon which he wishes to proceed. Plaintiff was forewarned in the screening order that if he does not file an amended complaint, the court will recommend that this case be dismissed with prejudice, for failure to state a claim. (Doc. 18 at 15 ¶6.) Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, Plaintiff's motion for reconsideration shall be denied.

Plaintiff shall be granted additional time to comply with the screening order. After Plaintiff files the First Amended Complaint, the court will screen it based on his allegations stated therein.

## IV.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on May 21, 2014, is DENIED;
2. Plaintiff is granted an extension of time to comply with the court's screening order of May 8, 2014;
3. Within thirty days from the date of service of this order, Plaintiff shall file a First Amended Complaint, pursuant to the court's screening order of May 8, 2014; and
4. Plaintiff's failure to file an amended complaint shall result in a recommendation that this case be dismissed with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 23, 2014**                          **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE